IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **WIN INSURANCE SERVICES, LLC**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | **Civil Action No. 3:10-CV-188-L** |
| | § | |
| **RODNEY DEON BOOKER**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Request for Default Judgment Entered by Clerk, filed May 27, 2010. After consideration of the motion, appendix, record, and applicable law, the court hereby **grants** Plaintiff's Request for Default Judgment Entered by Clerk.

**I.      Background**

This is a breach of contract claim brought by Plaintiff Win Insurance Services, LLC ("Plaintiff") against Defendant Rodney Deon Booker ("Defendant"). Plaintiff filed its complaint in this court on February 1, 2010, asserting that diversity of citizenship existed between the parties and that the amount in controversy exceeded $75,000. The action arises out of a loan made to Defendant and later purchased by Plaintiff. Defendant ultimately defaulted on the loan and refused to pay the balance, despite Plaintiff's demands.

Defendant was properly served on February 16, 2010, and to date has not filed an answer to Plaintiff's complaint or otherwise defended in this lawsuit. Plaintiff requested the clerk to issue entry of default on March 31, 2010, and default was entered by the clerk on April 5, 2010. Plaintiff now requests entry of default judgment against Defendant to enforce the payment owed under the terms of the loan; Plaintiff further requests judgment for reasonable attorney's fees and costs.

**Memorandum Opinion and Order – Page 1**

**II.    Analysis**

The court finds that because Defendant has neither filed an answer to Plaintiff's complaint nor otherwise defended in this lawsuit, and because Defendant is not an infant, an incompetent or in the military, Plaintiff is entitled to judgment against Defendant. The court therefore accepts as true the well-pleaded allegations stated by Plaintiff in its complaint, the facts in Plaintiff's Request for Default Judgment Entered by Clerk, and those set forth in the appendix accompanying the motion.

**A.    Damages**

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages." *See United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citing *TWA v. Hughes*, 449 F.2d 51, 70 (2nd Cir. 1971)), *rev'd on other grounds*, 409 U.S. 363 (1973); *G. & C. Merriam Co. v. Webster Dictionary Co.*, 639 F.2d 29, 34 (1st Cir. 1980)). Plaintiff asks the court to award $196,399.25 in damages, which is the principal balance outstanding and owed by Defendant under the terms of the loan, as set forth in the complaint. The court determines that such damages are ascertainable from the complaint, Plaintiff's motion, and the appendix attached to it. Accordingly, Plaintiff is entitled to $196,399.25.

**B.    Costs and Attorney's Fees**

Plaintiff also seeks costs of $362.45 and reasonable attorney's fees of $2,278.50. In support, Plaintiff submits—as part of the motion's appendix—the declaration of attorney Nusrat N. Rahman of the law firm Askounis & Darcy, PC, which represents Plaintiff in this action. The declaration and attached billing records detail the charges and expenses incurred on Plaintiff's behalf by the firm. The declaration also makes clear that the amounts are reasonable and commensurate with amounts

typically charged in the Dallas-Fort Worth market for the legal services provided in a case like Plaintiff's.

Based upon the record before it, the court determines that Defendant has failed to make payments to Plaintiff as required under the terms of its loan. Having reviewed the declaration of Nusrat N. Rahman and the attached billing records against the backdrop of applicable law, the court determines that Plaintiff is entitled to costs in the amount of $362.45 and reasonable attorney's fees in the amount of $2,278.50.[*] Accordingly, the court will award these amounts to Plaintiff and determines that such rates for the legal and paralegal services rendered in this case were reasonable and consistent with the rates charged for like professionals within the local area legal community.

## III.   Conclusion

For the reasons stated, the court **grants** Plaintiff's Request for Default Judgment Entered by Clerk. Accordingly, the court hereby **orders** that default judgment be entered for Plaintiff in the amount of $196,399.25 plus postjudgment interest thereon at the applicable federal rate. Plaintiff requested no prejudgment interest, and the court awarded none. Costs in the amount of $362.45 and reasonable attorney's fees in the amount of $2,278.50 are assessed against Defendant. In accordance with Rule 58 of the Federal Rules of Civil Procedure, a judgment will issue by separate document.

---

[*] Although the declaration submitted by counsel for attorney's fees is bare-bones and somewhat conclusory, the court determines that the amount requested is reasonable because a fee of $2,278.50 is reasonable as a matter of law in that a few thousand dollars is within the usual and customary fee range for filing a lawsuit, issuing the complaint and summons, filing a request for entry of default, and filing a motion for entry of default judgment.

**Memorandum Opinion and Order – Page 3**

**It is so ordered** this 28th day of May, 2010.

_/s/ Sam A. Lindsay_
Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 4**